IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

CHARLES SEVERT,

      Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No.: 3:14-cv-169

Magistrate Judge Michael J. Newman
(Consent Case)

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT ("EAJA") (DOC. 17); AND (2) AWARDING EAJA FEES IN THE AMOUNT OF $3,465.00**

This case is before the Court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), requesting attorney's fees in the amount of $3,465.00. Doc. 17. The Commissioner did not file a response, and the time for doing so has expired. The undersigned has carefully considered Plaintiff's unopposed motion and the attachments thereto, and the motion for attorney's fees is now ripe for decision.

EAJA provides for an award of attorney's fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir. 2009) (citing 28 U.S.C. § 2412(d)(1)(A)). A party who prevails and obtains a Sentence Four remand is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993). EAJA fees are payable to the litigant. *Astrue v. Ratliff*, 586 U.S. 586, 589 (2010).

The Court found the ALJ's non-disability finding unsupported by substantial evidence and remanded this case to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings. Doc. 15. Accordingly, Plaintiff is the prevailing party in this case for EAJA purposes and, therefore, is entitled to an award of attorney's fees under EAJA. *See Shalala*, 509 U.S. at 301-02. Plaintiff's counsel advises the Court that he worked 19.25 hours on this case. Doc. 17 at PageID 820. At the requested amount of $3,465.00, this calculates as $180.00 per hour -- an hourly rate that has not been challenged by the Commissioner. Having reviewed the time sheet entries submitted by Plaintiff's counsel and considering the nature of the work counsel performed in this case, the Court finds both the hourly fee and the time expended reasonable. Accordingly, Plaintiff is entitled to an EAJA fees award in the amount of $3,465.00.

Based upon the foregoing: (1) Plaintiff's motion for an EAJA fee award (doc. 17) is **GRANTED**; (2) Plaintiff is **AWARDED** the sum of $3,465.00 in EAJA fees; and (3) as no further matters remain pending for review, this case remains **TERMINATED** upon the Court's docket.

**IT IS SO ORDERED.**

Date:  November 2, 2015                    *s/ Michael J. Newman*
                                           Michael J. Newman
                                           United States Magistrate Judge